This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: January 13, 2025**

**No. S-1-SC-40048**

**CITY OF LAS CRUCES,**

Appellant,

v.

**NEW MEXICO PUBLIC REGULATION COMMISSION,**

Appellee,

and

**EL PASO ELECTRIC COMPANY,**

Intervenor-Appellee.

**In the Matter of the Amended Application for Approval of El Paso Electric Company's Amended 2019 Renewable Energy Act Plan Pursuant to the Renewable Energy Act and 17.9.572 NMAC, and Third Revised Rate No. 38-RPS Cost Rider, New Mexico Public Regulation Commission Case No. 19-00099-UT**

**In the Matter of the El Paso Electric Company's Application for Approval of Long-Term Purchased Power Agreements with Hecate Energy Santa Teresa, LLC, Buena Vista Energy Center, LLC, and Canutillo Energy Center LLC, New Mexico**

**Public Regulation Commission**
**Case No. 19-00348-UT**

**APPEAL FROM THE NEW MEXICO PUBLIC REGULATION COMMISSION**

Stevens Law, LLC
Anastasia S. Stevens
Santa Fe, NM

City of Las Cruces
Linda A. Samples, City Attorney
Bradley Douglas, Acting City Attorney
Las Cruces, NM

for Appellant

Erin E. Lecocq, Appellate Specialist
Santa Fe, NM

for Appellee

Nancy B. Burns
Santa Fe, NM

Montgomery & Andrews, P.A.
Jeffrey J. Wechsler
Kari E. Olson
Santa Fe, NM

for Intervenor-Appellee El Paso Electric Company

## DISPOSITIONAL ORDER OF AFFIRMANCE

**PER CURIAM.**

**{1}** This matter arises through an appeal by the City of Las Cruces (the City) from a final order of the New Mexico Public Regulation Commission (the Commission) approving Purchased Power Agreements (PPAs) amended by El Paso Electric Company (EPE) with respect to EPE's purchase of solar electric capacity from the Buena Vista-1 facility, the Buena Vista-2 facility, and two other solar facilities.

**{2}** Having considered the briefs and record and otherwise being fully informed of the issues and applicable law, this Court concurs that a written decision or opinion will not affect the disposition of this appeal or advance the law of this state and therefore exercises its discretion under Rule 12-405(B)(1)-(2) NMRA to dispose of this appeal by nonprecedential dispositional order.

**{3}**     The City bears the burden to show that the Commission's final order is unlawful or unreasonable, NMSA 1978, § 62-11-4 (1965), with evidence that the order is "arbitrary and capricious, not supported by substantial evidence, outside the scope of the agency's authority, or otherwise inconsistent with law." *Citizens for Fair Rates & Env't v. N.M. Pub. Regul. Comm'n*, 2022-NMSC-010, ¶ 12, 503 P.3d 1138 (internal quotation marks and citation omitted).

**{4}**     An order from the Commission "is arbitrary and capricious if it provides no rational connection between the facts found and the choices made, or entirely omits consideration of relevant factors or important aspects of the problem at hand." *N.M. Indus. Energy Consumers v. N.M. Pub. Regul. Comm'n*, 2019-NMSC-015, ¶ 8, 450 P.3d 393.

**{5}**     Findings of the Commission are supported by substantial evidence if supported by "evidence that is credible in light of the whole record and that is sufficient for a reasonable mind to accept as adequate to support the conclusion reached by the agency." *Pub. Serv. Co. of N.M. v. N.M. Pub. Regul. Comm'n*, 2019-NMSC-012, ¶ 14, 444 P.3d 460 (internal quotation marks and citation omitted).

**{6}**     This Court will view the record "in the light most favorable to the Commission's decision, and draw every inference in support of the Commission's decision." *Id.*

**{7}**     This Court will review the Commission's conclusions of law de novo and "will confer a heightened degree of deference to legal questions that 'implicate special agency expertise or the determination of fundamental policies within the scope of the agency's statutory function.'" *Morningstar Water Users Ass'n v. N.M. Pub. Util. Comm'n*, 1995-NMSC-062, ¶ 11, 120 N.M. 579, 904 P.2d 28 (citation omitted).

**{8}**     The City contends that (1) the final order is unsupported by substantial evidence, is arbitrary and capricious, and is unlawful because it relies on the contract law doctrine of anticipatory repudiation as a basis for approving the amended Buena Vista PPAs, (2) the Commission denied the City due process of law by raising anticipatory repudiation for the first time in the final order, and (3) the final order is arbitrary and capricious because the Commission entirely omitted consideration of additional factors relevant to whether to approve the amended PPAs.

**{9}**     This Court will not supply a reasoned basis for a decision which the Commission itself has not given but "may uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Rio Grande Chapter of Sierra Club v. N.M. Mining Comm'n*, 2003-NMSC-005, ¶ 13, 133 N.M. 97, 61 P.3d 806 (internal quotation marks and citation omitted).

**{10}**     On review of the final order, this Court discerns that the Commission acted pursuant to its statutory and regulatory authority under NMSA 1978, Section 62-6-4(B) (2003) to approve the amended Buena Vista-1 PPA under 17.9.551 NMAC and the amended Buena Vista-2 PPA under 17.9.572 NMAC.

**{11}**  The Commission referred to the doctrine of anticipatory repudiation with respect to whether EPE without Commission approval could recover the costs of the amended Buena Vista-1 and Buena Vista-2 PPAs. The Commission's authority to approve a PPA under Section 62-6-4(B) is separate from its authority to regulate a utility's recovery of the PPA under Section 62-6-4(A). *See N.M. Indus. Energy Consumers v. N.M. Pub. Serv. Comm'n*, 1991-NMSC-018, ¶¶ 10-12, 111 N.M. 622, 808 P.2d 592. The Commission did not apply the doctrine of anticipatory repudiation as a basis for approving the amended PPAs.

**{12}**  "[T]he fundamental requirements of due process in an administrative context are reasonable notice and an opportunity to be heard and present any claim or defense." *Pub. Serv. Co. of N M.*, 2019-NMSC-012, ¶ 63 (internal quotation marks and citation omitted).

**{13}**  The record shows that the City was granted reasonable notice and a meaningful opportunity to be heard on the issue of whether EPE could recover the amended PPAs.

**{14}**  The Commission did not violate due process by applying the doctrine of anticipatory repudiation to the previously raised issue of whether EPE could recover the costs of the amended PPAs. *Cf. Pub. Serv. Co. of N.M.*, 2019-NMSC-012, ¶¶ 60-65 (concluding that the Commission had violated due process by permanently disallowing a utility's recovery of certain future costs "[b]ecause the *issue* of a permanent disallowance of recovery . . . [of those costs] appears to have been first raised by the Commission in its final order, [denying the utility] an opportunity to be heard on the issue" (emphasis added)).

**{15}**  On review of the record and final order, this Court determines that the additional factors identified by the City are either irrelevant to the Commission's decision or already encompassed within the Commission's findings of ultimate fact. *See* NMSA 1978, § 62-10-14 (1941) (providing that the Commission's final order must include "such ultimate facts as are necessary to determine the controverted questions presented by the proceeding"). The City has not shown that the Commission arbitrarily and capriciously omitted consideration of any relevant factor or important aspect of the problem at hand. Substantial evidence supports the Commission's findings that the amended Buena Vista-1 PPA met the "lowest reasonable cost" standard of 17.9.551.8(D)(6) NMAC and the amended Buena Vista-2 PPA met the "reasonable cost threshold" standard of 17.9.572.7(R)(1) NMAC.

**{16}**  The City does not dispute that the costs of the amended PPAs "are reasonable."

**{17}**  The Commission's decision to approve the amended PPAs is lawful, is supported by substantial evidence, and is not arbitrary and capricious. The City has failed to show that the Commission's final order is unreasonable or unlawful.

**{18}**  NOW, THEREFORE, IT IS ORDERED that, in accordance with NMSA 1978, Section 62-11-5 (1982), the Commission's final order is AFFIRMED.

**{19}**  **IT IS SO ORDERED.**

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**